UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **Michael Anthony,** individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Brian Marketing Group.,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1) **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(C) ET SEQ.; AND**<br><br>2) **THE FLORIDA TELEPHONE SOLICITATION ACT, FLA. STAT. § 501.059**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff, Michael Anthony, brings this action against Defendant Brian Marketing Group. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c) and Florida Statute § 501.059.

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA") and Fla. Stat. § 501.059.

1

3. Defendant is a digital marketing agency based in Palm Beach County, Florida servicing clients from all over the U.S.

4. Defendant manages and builds marketing, websites and digital campaigns for its clients.

5. As part of its services, Defendant transmits text messages to the customers of its clients.

6. Defendant claims that text messaging drives traffic and offers redemption like no other.

7. In performing these services, however, Defendant engages in unsolicited marketing, harming thousands of consumers in the process.

8. One particular campaign at issue in this complaint involves drug rehab marketing.

9. Drug Rehab marketing is a specialized form of marketing aimed at promoting addiction treatment centers.

10. With an increasingly competitive landscape and a sensitive target audience, a well-crafted marketing strategy can make the difference between empty beds and a thriving facility.

11. To attract potential patients and increasing its client's facility's visibility, marketing companies employ a range of strategies, from SEO to

social media advertising to unsolicited text messaging.

12. Put simply, Defendant engaged in unlawful telemarketing to fill treatment beds in its client's facilities.

13. Through this class action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.

14. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

15. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

16. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in its entirety.

17. Unless otherwise stated, all the conduct engaged in by Defendant took place in the Southern District of Florida.

18. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

19. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

**JURISDICTION AND VENUE**

20. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, the TCPA.

21. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant are deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provide and market its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.

22. Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida and, on information and belief, Defendant has transmitted the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

**PARTIES**

23. Plaintiff is a natural person residing in the Pennsylvania.

24. Upon and information, Defendant is a domestic corporation with its principal place of business in Jupiter, Florida.

**THE TCPA**

25. The TCPA states that the regulations required by paragraph (2) may require the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations. 47 U.S.C. § 227(c)(3).

26. The TCPA further states that it is prohibited to "any person from making transmitting a telephone solicitation to the telephone number of any subscriber included in such database." 47 U.S.C. § 227(c)(3)(F).

27. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

28. The FCC also recognized that wireless customers are charged

for incoming calls whether they pay in advance or after the minutes are used. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

29. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012).

30. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

31. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the

purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).

32. In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

33. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

34. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003).

35. This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. *See Id*.

36. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See id*. at ¶ 136 (2003).

37. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls.")

38. As held by the United States Court of Appeals for the Ninth Circuit: "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016).

### GENERAL ALLEGATIONS

39. At all times relevant to this Complaint, Defendant conducted business in the State of Florida.

40. Plaintiff, *himself*, registered his cellular telephone number

ending in -555 ("Cell") with the National Do-Not-Call Registry on May 20, 2004.

41. Plaintiff's Cell number is primarilyused for personal and residential purposes.

42. Pursuant to 47 U.S.C. § 227(c)(3)(F), Defendant is required to check the National Do Not Call Registry before attempting to call or text.

43. Despite its obligations under the TCPA, Defendant began unlawfully soliciting Plaintiff on his Cell Phone in the fall of 2022.

44. Specifically, on September 30, 2022, Defendant transmitted the following unsolicited text messages to Plaintiff's Cell from the phone number 443-746-7114:

> Our records show that you or a loved one reached out for drug or alcohol treatment. We have immediate availability! Call 707-659-0888.

45. Then, on October 25, 2022, Defendant transmitted the following unsolicited text messages to Plaintiff's Cell from the phone number 702-506-0992:

> Our records show that you or a loved one reached out for drug or alcohol treatment. We have immediate availability! Call 707-659-0888.

46. On November 13, 2022, Defendant transmitted the following

unsolicited text messages to Plaintiff's Cell from the phone number 910-788-4727:

> Our records show that you or a loved one reached out for drug or alcohol treatment. We have immediate availability! Call 808-758-5317.

47. On November 17, 2022, Defendant transmitted the following unsolicited text messages to Plaintiff's Cell from the phone number 608-496-8453:

> Our records show that you or a loved one reached out for drug or alcohol treatment. We have immediate availability! Call 620-902-1907.

48. On November 20, 2022, Defendant transmitted the following unsolicited text messages to Plaintiff's Cell from the phone number 540-299-1005:

> Our records show that you or a loved one reached out for drug or alcohol treatment. We have immediate availability! Call 931-340-9636.

49. Such text messages constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c).

50. Plaintiff received these telephone solicitations from Defendant within a 12-month period.

51. Because Plaintiff never sought any information for drug or

alcohol treatment or any type of drug or alcohol treatment from this entity, Plaintiff investigated the source of these text messages. Before receiving the calls, Plaintiff had not heard of Defendant. Furthermore, Plaintiff has never used drugs or alcohol.

52. Plaintiff confirmed with the text messaging platforms that these five text messages were sent by Defendant.

53. Based on the foregoing, Plaintiff received several unsolicited telephone marketing calls within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

54. Upon information and belief, Defendant made other phone calls to individuals residing within this judicial district and throughout the United States.

55. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted. This is in violation of 47 U.S.C. § 227(a)(5).

56. Defendant's incessant unsolicited phone calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

57. Defendant's phone calls also inconvenienced Plaintiff and

caused disruption to his daily life.

58. Defendant's unsolicited phone calls caused Plaintiff actual harm.

59. Furthermore, Defendant's phone calls took up memory on Plaintiff's cellular phone.

60. The cumulative effect of unsolicited phone calls and voicemails like Defendant's poses a real risk of ultimately rendering the phone unusable for other purposes as a result of the phone's memory being taken up.

## CLASS ALLEGATIONS

61. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

> All persons within the United States who received two phone calls within a 12-month period from Defendant to said person's telephone, and such person had previously included their name on the National Do Not Call Registry at least 31 days prior to receiving Defendant first call, within the four years prior to the filing of this Complaint.

62. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

63. Upon information and belief, Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to

thousands of consumers throughout the United States without their prior express consent.

64. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

65. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

66. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.

67. Among the questions of law and fact common to the Class are:.

   a. Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones;

   b. Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

   c. Whether Defendant conduct was knowing and willful;

   d. Whether Defendant is liable for damages, and the amount of such damages; and

  e. Whether Defendant should be enjoined from such conduct in the future.

  68. The common questions in this case are capable of having common answers.

  69. If Plaintiff's claim that Defendant routinely made phone calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

  70. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

  71. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

  72. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable.

  73. While the aggregate damages sustained by the Class are in the

millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits.

74. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

75. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.

76. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

77. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### NEGLIGENT AND WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(C)(5)

78. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

79. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including implementing regulation 47 C.F.R. § 64.1200(c).

80. As a result of Defendant's negligent violations of 47 U.S.C. § 227, et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

81. Plaintiff and the TCPA Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

82. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

83. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq., including implementing regulation 47 C.F.R. § 65.1200(c).

84. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, et seq., Plaintiff and the TCPA Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

85. Plaintiff and the TCPA Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**WHEREFORE**, Plaintiff, on behalf of himself and the other members of the Class, prays for the following relief:

a. A Declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using a telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express permission of the called party;

c. An award of actual and statutory damages; and

d. Such further and other relief the Court deems reasonable and just.

### TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a

trial by jury on all questions of fact raised by the complaint.

Dated: June 28, 2024

Respectfully submitted,

BY: /S/ MOHAMMAD KAZEROUNI
Mohammad Kazerouni, (1034549)

TRIAL COUNSEL FOR PLAINTIFF

Mohammad Kazerouni
Florida State Bar No. 1034549
**Kazerouni Law Group, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
mike@kazlg.com

Ryan L. McBride
Florida State Bar No. 1010101
**Kazerouni Law Group, APC**
2221 Camino Del Rio S., #101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ryan@kazlg.com