UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Michael Anthony, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Brian Marketing Group,<br><br>Defendant. | Case No.: 9:24-cv-80800-AMC<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT BRIAN MARKETING GROUP** |

**Points and Authorities Supporting Plaintiff's Motion for Default Judgment**

Plaintiff Michael Anthony ("Plaintiff"), through his attorney of record, hereby moves this Court for a Default Judgment against Defendant Brian Marketing Group. ("Defendant") relating to his individual claims. Plaintiff filed contemporaneously with this motion a notice of voluntary dismissal of the putative class claims without prejudice. Therefore, the only remaining

1

claims are Plaintiff's individual claims.

## I. Basis of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction without general subject matter jurisdiction and may only adjudicate those cases which the Constitution and Congress authorize. See *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This court has jurisdiction over the issues raised pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. ("TCPA").

## II. Procedural History and Service of Process

Under Rule 4 of the Federal Rules of Civil Procedure, a business entity can be served by delivering a copy of the summons and complaint to: 1) an officer, 2) a managing or general agent, or 3) any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1). Whether a person is an agent for service of process is determined by federal, rather than, state standards. *See Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316, 84 S. Ct. 411, 11 L. Ed. 2d 354 (1964).

The requirements of Rule 4(h) are liberally construed to achieve its underlying purpose of giving a party notice of a claim against it. *Grand*

*Canyon Resort Corp. v. Drive-Yourself Tours, Inc.*, 2006 WL 1722314, * 3 (D.Ariz. June 22, 2006) (citing, among others, *Direct Mail*, 840 F.2d at 688-89; *Chan v. Soc'y Expeditions, Inc.,* 39 F.3d 1398, 1404 (9th Cir. 1994); *see also Rovinski v. Rowe*, 131 F.2d 687, 1942 U.S. App. LEXIS 2921 (6th Cir. 1942)). An appointed agent's authority need not be express; it can also be implied. *Grand Canyon Resort Corp.*, 2006 WL 1722314 at 3 (*citing Direct Mail*, 840 F.2d at 685). "Implied authority may be sufficient where an individual is not an employee but is 'so integrated with the organization that he will know what to do with the papers . . . so as to render it fair, reasonable and just to imply authority on his part to receive service,' and as long as the party receives sufficient notice of the complaint." *Id.* (quoting *Direct Mail*, 840 F.2d at 866) (holding that receptionist employed by another corporation was an agent despite denial of authority when defendant corporation shared office space with her employer and she was only person in the office).

On July 12, 2024, Defendant was served with a copy of the summons and the complaint in this action and thereafter, Plaintiff's counsel filed proof of service on July 17, 2024. *See Declaration of Ryan L. McBride in Support of Plaintiff's Motion for Entry of Default ("McBride Decl.")* ¶4.

On July 24, 2024, Plaintiff filed its First Amended Complaint

3

("FAC"). *See McBride Decl."* ¶5, ECF # 11. On August 12, 2024, Defendant was served with a copy of the FAC. *See McBride Decl.*¶6, ECF # 12. Defendant failed to file a responsive pleading and did not request an extension from Plaintiff by the deadline pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure.

On August 12, 2024, the Court issued an order directing Defendant to respond to Plaintiff's FAC by August 21, 2024. *See* ECF # 12.

On August 28, 2024 the Court issued an Order directing Plaintiff to file for Motion for Clerk's Default. *See* ECF # 15.

Plaintiff filed a Motion for Clerk's Default and served the Motion for Clerk's Entry of Default on Defendant's statutory agent via U.S. Mail. *See* ECF # 17.

On September 11, 2024, the Clerk Entered Default as to Defendant as Defendant has indeed failed to respond to the Complaint within the time required by law. *See* ECF #18.

In light of the Clerk's Entry of Default, this Court Ordered Plaintiff to file a motion for default final judgment that includes affidavits of any sum certain due by Defendant, and any other supporting documentation necessary to determine Plaintiff' measure of damages. *See* ECF # 19.

### III. Personal Jurisdiction

At all times relevant, Defendant conducted business within the State of Florida and within the jurisdiction of the Southern District of Florida. *See McBride Decl*., **Exhibit A**. Further, Plaintiff has asserted claims under the TCPA, which is a federal statute. Therefore, venue is proper and personal jurisdiction has been established.

### IV. Claims for Liability

#### A. Factual Basis of Illegal Conduct

Defendant engaged in the following illegal conduct which gives rise to this action. Plaintiff now provides this summary in order to provide the Court more of an understanding of the basis for the amount of damages sought.

On May 20, 2004, Plaintiff, himself, registered his cellular telephone number ending in -555 ("Cell") with the National Do-Not-Call Registry. *See Declaration of Michael Anthony in Support of Plaintiff's Motion for Entry of Default* ("*Anthony Decl.*") at ¶6, Exhibit A. Plaintiff's Cell number is primarily used for personal and residential purposes. *Anthony Decl* ¶ 5.

Despite Defendant's obligations under the TCPA to check the National Do Not Call Registry before attempting to call or text under 47 U.S.C. § 227(c)(3)(F), Defendant began unlawfully soliciting Plaintiff on his Cell

Phone in the fall of 2022. *Anthony Decl.* ¶ 7-11, Exhibit B.

Specifically, on September 30, 2022, Defendant transmitted the following unsolicited text messages to Plaintiff's Cell from the phone number 443-746-7114:

> Our records show that you or a loved one reached out for drug or alcohol treatment. We have immediate availability! Call 707-659-0888.

*Anthony Decl,* **Exhibit B**.

Then, on October 25, 2022, Defendant transmitted the following unsolicited text messages to Plaintiff's Cell from the phone number 702-506-0992:

> Our records show that you or a loved one reached out for drug or alcohol treatment. We have immediate availability! Call 707-659-0888.

*Anthony Decl,* **Exhibit B**.

On November 13, 2022, Defendant transmitted the following unsolicited text messages to Plaintiff's Cell from the phone number 910-788-4727:

> Our records show that you or a loved one reached out for drug or alcohol treatment. We have immediate availability! Call 808-758-5317.

*Anthony Decl,* **Exhibit B**.

On November 17, 2022, Defendant transmitted the following unsolicited text messages to Plaintiff's Cell from the phone number 608-496-8453:

> Our records show that you or a loved one reached out for drug or alcohol treatment. We have immediate availability! Call 620-902-1907.

*Anthony Decl,* **Exhibit B**.

On November 20, 2022, Defendant transmitted the following unsolicited text messages to Plaintiff's Cell from the phone number 540-299-1005:

> Our records show that you or a loved one reached out for drug or alcohol treatment. We have immediate availability! Call 931-340-9636.

*Anthony Decl,* **Exhibit B**.

Before initiating this lawsuit, Plaintiff contacted the text messaging platforms Twilio and Plivo to determine the identity of the customer sending these text messages. *Anthony Decl,* ¶ 12. Plaintiff was informed that Twilio contacted the customer associated with the aforementioned unwanted text messages and identified its customer, CallTracking Metrics. *Id*. at ¶ 12. However, CallTracking Metrics did not send the messages themselves. *Id*. at ¶ 12. Instead, CallTracking Metrics indicated that that one of their customers,

Defendant Brian Marketing Group, obtained the long code number from them. *Id*. Twilio believed that Defendant Brian Marketing Group was connected to the messages Plaintiff received, and CallTracking Metrics reported that it ultimately blocked Brian Marketing from sending messages through its Twilio account. *Id*. CallTracking Metrics provided Twilio with Defendant's contact information and web page, which was then provided to Plaintiff. *Id*.

Plaintiff submits that the text messages constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c). And that Plaintiff received these telephone solicitations from Defendant within a 12-month period.

In summary, Plaintiff received *at least* **five** unsolicited text messages from Defendant within a 12-month period without Plaintiff's prior express consent. *Anthony Decl.,* **Exhibit B**.

### B. Legal Argument

As noted above, Plaintiff brought this action against Defendant as a result of Defendant's violations of the TCPA.

To state a claim under section 227(c)(5), a plaintiff must allege that she (1) "received more than one telephone call within any 12-month period," (2) the calls were "by or on behalf of the same entity," and (3) the calls." 47 U.S.C.

8

§ 227(c)(5); FCC regulations provide, in turn, that "[n]o person or entity shall initiate any telephone solicitation to a… residential telephone subscriber residential who has registered . . . her telephone number on the national do-not-call registry. 47 C.F.R. § 64.1200(c)(2). Any "residential telephone subscriber" may place his name on the National Do Not Call Registry, and placing a call to any "residential telephone subscriber" whose name is on the National Do Not Call registry is an abusive telemarketing act. *Jackson v. Direct Bldg. Supplies LLC*, No. 4:23-CV-01569, 2024 U.S. Dist. LEXIS 8811, at *10 (M.D. Pa. Jan. 17, 2024).

Plaintiff has presented evidence he used his cell phone for primarily residential purposes, such as speaking with friends and family. *See* Anthony Dec., ¶ 5. Plaintiff also demonstrates he registered his number on the Do-Not-Call Registry. *See* Anthony Dec., **Exhibit A**. Accordingly, Plaintiff is a residential subscriber, entitled to the protections of the Do-Not-Call registry.

Plaintiff also demonstrates the texts at issue were "solicitations." The FCC regulations define a "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person," with certain exceptions that are not in dispute at this stage of

the litigation. 47 C.F.R. § 64.1200(f)(15). Plaintiff has presented evidence that Defendant's calls were soliciting its services after his number had been on the Do-Not-Call registry 30 days. *See Anthony Dec.*, **Exhibit A**.

Furthermore, Defendant's calls caused Plaintiff harm, including an invasion of Plaintiff's privacy, aggravation, annoyance, intrusion on seclusion, trespass, conversion and caused disruption to his daily life. *See* FAC ¶¶ 57-59. Defendant's phone calls took up memory on Plaintiff's cellular phone. *See* FAC ¶ 60. Thus, Defendant has violated the above sections of the TCPA.

### D. Fed.R.Civ.P. 55(b)(2)

Defendant is not a minor nor incompetent person. Defendant is a business entity. *See McBride Decl.,* **Exhibit A**.

### E. Default Judgment

<u>Procedural Requirements</u>

Plaintiff has satisfied the procedural requirements for default judgment against Defendant. Plaintiff submitted an application for entry of default, which prompted the Clerk of the Court to enter default against Defendant on September 11, 2024. *See* ECF #18. Plaintiff's request for relief does not differ from that prayed for in the complaint. Thus, the application for default

judgment complies with the Federal Rules of Civil Procedure.

### Substantive Requirements

"There must be a sufficient basis in the pleadings for the judgment requested." *K.J.C. v. City of Montgomery*, 2019 U.S. Dist. LEXIS 173431 (D. Ala.). In other words, the party must still state a claim for relief. *Id.* citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted) ("[A] default judgment cannot stand on a complaint that fails to state a claim"). The court must assure itself that there is a "sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The Eleventh Circuit has decided that this standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).

So, all well-plead factual allegations, but not legal conclusions, are deemed admitted. *Id.* (quoting *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)).

Entry of default judgment is left to the discretion of the Court. *Hamm v. DeKalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985). By defaulting, Defendant admits Plaintiff's well-pleaded allegations of fact in the

Complaint. *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987). However, "there must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The Court considers several factors upon a motion for entry of default judgment, including: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Banks v. SFRC Medical Dept. Officials*, No. 09-20203-CIV-LENARD, 2011 U.S. Dist. LEXIS 26401, 2011 WL 900544, *6 (S.D. Fla. Feb. 25, 2011).

### 1) The Possibility of Prejudice to the Plaintiff

Under the first factor, the Court considers the possibility of actual prejudice to Plaintiff. In this instance, Defendant has prejudiced Plaintiff's ability to proceed with the case and has interfered with the judicial process. See *Chavez v. Morales, No. 19-cv-0447 BRB/SMV, 2020 U.S. Dist. LEXIS 126253 (D.N.M. July 17, 2020)* at *9. Plaintiff will be prejudiced if he does

not receive compensation for the violation of his rights afforded to him by the Telephone Consumer Protection Act. Here, if Plaintiff is not awarded default, Plaintiff will be left with no other recourse to recover compensation. Therefore, Plaintiff would be prejudiced without this default judgment.

### 2) The Merits of Plaintiff's Substantive Claim

The merits of Plaintiff's case are strong. The FAC alleges Defendant was soliciting goods or service to Plaintiff's residential phone number that he had registered on the Do Not Call registry for 30 or more days in violation of 47 U.S.C. § 227(c) and the corresponding FCC regulations at 47 C.F.R. § 64.1200(c). *See* ECF No. 11, Count II.

Here, as Defendant has not filed any answer or other responsive pleading, it has asserted no affirmative defenses and has provided no evidence to meet its burden of proving any such defense – the Defendant bears the burden of pleading and proving affirmative defenses to TCPA claims. *See Physicians Healthsource, Inc. v. Cephalon, Inc.*, 340 F. Supp. 3d 445 (E.D. Pa. 2018) (consent is an affirmative defense where the defendant bears the burden of proof).

Since all damages sought are statutory and calculated per text message and the Plaintiff has plead that five texts occurred, there is no need for an

inquest to determine damages. *See e.g., Melrose Hotel Co. v. St. Paul Fire and Marine Ins. Co.*, 432 F.Supp.2d 488, 504 (E.D. Pa 2006), 47 U.S.C. §227(b)(3), and 47 U.S.C. §227(b)(3)(B).

Further, the TCPA imposes a penalty per violation. Specifically, 47 U.S.C. § 227(c)(5)(B) provides a plaintiff may "receive up to $500 in damages for each such violation." 47 U.S.C. § 227(b)(3)(B); 47 U.S.C. § 227(c)(5)(B).

Here, Plaintiff has identified five texts in violation of 47 U.S.C. § 227(c).

### 3) The Sufficiency of the Complaint

As stated previously, the FAC sufficiently describes the details of the texts transmitted to Plaintiff and the continued harassment by Defendant of Plaintiff.

### 4) The Sum of Money at Stake in the Action

The sum of money here is significant for Plaintiff and Defendant as the calls made to Plaintiff, were each tied to per-call statutory damages under the TCPA. Plaintiff is entitled to compensation under these statutes.

### 5) The Possibility of a Dispute Concerning Material Facts

Plaintiff is unaware of any facts that may create a dispute. Furthermore, Plaintiff has submitted proof that the text messages were received by him. *See*

*Anthony Decl.*, **Exhibit B**.  Defendant has failed to put forth any defenses with this Court.

## 6) Whether the Default Was Due to Excusable Neglect

No excusable neglect exists here. Defendant was properly served Plaintiff's Complaint and summons. Since that date, Defendant has not appeared to try and set aside its default.  In addition, Defendant's Entity Status on the Florida Secretary of State Business Entity website is listed as "active." *See McBride Decl.*, **Exhibit A**. Thus, Defendant has received Plaintiff's service of these documents and is simply choosing not to respond to the lawsuit.

## 7) The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

Finally, although "[c]ases should be decided upon their merits whenever reasonably possible[,] the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive. Moreover, Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible. Under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172,

1177 (C.D. Cal. 2002) (citing Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). Instead, there is a strong public policy reason to grant judgment here, as denying judgment would reward Defendant's behavior and show companies that they can simply ignore the strictures of the TCPA with impunity by simply not responding to lawsuits.

### F. Damages

Preliminarily, Plaintiff notes that Plaintiff is only seeking statutory damages under the TCPA. Plaintiff is *not* seeking additional actual damages.

If the Court determines that the admitted factual allegations state a legal claim, the Court turns to the issue of damages. *Thompson v. Freedom Patrol*, 2009 U.S. Dist. LEXIS 72240, 2009 WL 2525291, at *1 (M.D. Ala. Aug. 17, 2009) (citing *Chudasama*, 123 F.3d at 1364 n.27). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism and The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).

Additionally, in *Figueroa v. Maximum Recovery Solutions*, the Court reasoned that "by failing to respond to the instant Motion, Defendant declined the opportunity to challenge both the grant and the amount of the statutory

award." No. 12-60098-CIV, 2012 U.S. Dist. LEXIS 206469, 2012 WL 13134301, at *6 (S.D. Fla. Dec. 12, 2012). *See also Frazier v. Absolute Collection Serv.*, 767 F. Supp. 2d 1354, 1366 (N.D. Ga. 2011) (noting that "Defendant through its default and non-appearance has not provided any basis for concluding that an amount less than the statutory maximum is appropriate").

## Damages under the Telephone Consumer Protection Act

Under the TCPA, Plaintiff is entitled to actual monetary loss or $500 for each negligent violation, whichever is greater. *See* 47 U.S.C § (b)(3)(B). Therefore, damages should consist of a $500 statutory award for each of the five text messages for a total of $2,500.

## CONCLUSION

In the present case, Plaintiff requests judgment be entered against Defendant for a total award of $500 in statutory damages for each of the five (5) negligent violations of the TCPA for a total of $2,500.

Dated: October 11, 2024

Respectfully submitted,


BY: /s/ Ryan L. McBride_____
    Ryan L. McBride, Esq.
    Trial Counsel for Plaintiff

Ryan L. McBride (1010101)
**Kazerouni Law Group, APC**
301 E Bethany Home Road
Suite C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ryan@kazlg.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2024, a true and correct copy of the foregoing Motion for Default Judgment Against Defendant, and all related exhibits and attachments, was served on the parties listed below via U.S. Mail and Email.

*Defendant*

                                                              */s/ Ryan. McBride*
                                                              Ryan L. McBride, Esq.